IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE CORNUCOPIA INSTITUTE<br>901 Platt Street<br>Eau Claire, WI  54703<br><br>      Plaintiff,<br><br>   v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE<br>1400 Independence Ave., S.W.<br>Washington, DC 20250<br><br>      Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>) Case No: 16-cv-215<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

## I. INTRODUCTION

1.  Plaintiff The Cornucopia Institute ("Plaintiff") brings this action seeking

declaratory and injunctive relief to redress violations of the Freedom of Information Act

("FOIA"), 5 U.S.C. § 552 *et. seq*., by Defendant United States Department of Agriculture

("USDA") in failing to provide Plaintiff with all non-exempt records responsive to its

January 25, 2012 FOIA request, seeking records pertaining to investigations conducted by

the National Organic Program (NOP) of Shamrock Farms Dairy (NOPC-003-09), Oskri

Organics (NOPC-097-10) and Jav Food Corp. dba Agata & Valentina (NOPC-160-09).

## II. JURISDICTION

2.  This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

(FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III. VENUE

3.  Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

4.  Plaintiff, The Cornucopia Institute, is an 501(c)(3) organization that, at all times

relevant herein, has its primary administrative office in Eau Claire, Wisconsin.

5.   Defendant United States Department of Agriculture is a federal agency of the

United States, and as such, is subject to FOIA, pursuant to 5 U.S.C. § 552(f).

## V.  LEGAL FRAMEWORK OF FOIA

6.  FOIA requires, *inter alia*, that all federal agencies must promptly provide

copies of all non-exempt agency records to those persons who make a request for records

that reasonably describes the nature of the records sought, and which conform with

agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7.  FOIA requires federal agencies to make a final determination on all FOIA

requests that it receives within twenty days (excepting Saturdays, Sundays, and legal

public holidays) after the receipt of such request, unless the agency expressly provides

notice to the requester of  "unusual circumstances" meriting additional time for

responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8.  FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9.  FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). *See* 5 U.S.C. § 552(a)(6)C).

10.  FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

11.  Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

12.  Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action.  5 U.S.C. § 552(a)(4)(E).

## VI.  FACTUAL ALLEGATIONS

13.  On or about January 25, 2012, Plaintiff sent a FOIA request to the United States Department of Agriculture ("USDA"), seeking records pertaining to investigations

conducted by the National Organic Program (NOP) of Shamrock Farms Dairy (NOPC-003-09), Oskri Organics (NOPC-097-10) and Jav Food Corp. dba Agata & Valentina (NOPC-160-09).

14.   On or about February 3, 2014, Plaintiff received a final response to the January  25, 2012 FOIA request referenced above, which was assigned by USDA as FOIA No. 2012-AMS-01320-F, indicating that the agency had provided responsive records as to its investigations of Oskri Organics and Jav Food Corp. dba Agata & Valentina, but that the agency was not providing records pertaining to its investigation of Shamrock Farms Dairy.

15.   On or about February 26, 2014, Plaintiff appealed the USDA's February 3, 2014 final response to the above referenced FOIA request.

16.   On or about April 3, 2014, Plaintiff emailed USDA to confirm if the agency had received Plaintiff's February 26, 2014 FOIA appeal, and to inquire as to the status of that appeal..

17.   On or about April 4, 2014, Defendant emailed Plaintiff that the decision on the appeal of Plaintiff's FOIA request would be issued soon.

18.   On or about April 22, 2014, Defendant emailed Plaintiff stating that the appeal No. 2014-AMS-00076-A of Plaintiff's January 25, 2012 FOIA request would not be concluded for several months because the enforcement case involving Shamrock Dairy Farms was ongoing.  Plaintiff was advised to withdraw its appeal and submit a new FOIA

request once Defendant had officially closed that enforcement action.

19.  On or about April 24, 2014, Plaintiff emailed Defendant, stating that the Defendant had previously indicated the Shamrock Farms Dairy investigation was complete, and requesting that Defendant provide the records responsive to its January 25, 2012 FOIA request pertaining to that enforcement action.

20.  On or about April 25, 2014, Defendant emailed Plaintiff, indicating that the Shamrock Farms Dairy enforcement case that was the subject of Plaintiff's January 25,

21.  On or about April 25, 2014, Plaintiff emailed Defendant a copy of the letter it had received from USDA indicating that Defendant had concluded its enforcement case involving Shamrock Dairy Farms.

22.  On or about May 18, 2015, Plaintiff emailed Defendant requesting the status of its above referenced appeal.

23.  On or about May 18, 2015, Defendant emailed Plaintiff that records were still being reviewed, and that it would take awhile to release any responsive records.

24.  On or about July 9, 2015, Plaintiff once again emailed Defendant requesting the status of Plaintiffs appeal no. 2014-AMS-00076-F.

25.  On or about July 10, 2015, Defendant emailed Plaintiff that the appeal was almost complete, and that responsive records would soon be provided.

26.  On or about October 7, 2015, Defendant emailed Plaintiff that it would "have an update shortly" on Plaintiff's February 26, 2014 FOIA appeal.

27. As of the date of the filing of this action, Plaintiff has still not received a final response to its February 26, 2014 FOIA administrative appeal , nor all non-exempt responsive records from the USDA to Plaintiff's January 25, 2012 FOIA request.

## VII. CLAIM: USDA VIOLATION OF FOIA

28. Plaintiff realleges, as if fully set forth herein, paragraphs 1 - 27 previously set forth herein.

29. Defendant USDA has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records for its January 25, 2012 FOIA request, and by failing to complete an adequate search which was reasonably calculated to locate all responsive records to this FOIA request.

30. By failing to provide Plaintiff with all non-exempt responsive record to its January 25, 2012 FOIA request as described above, and by failing to perform an adequate search for responsive records, Defendant USDA has denied Plaintiff's right to this information as provided by law under the Freedom of Information Act.

31. Unless enjoined by this Court, Defendant USDA will continue to violate Plaintiff's legal rights to be provided with copies of the records which it has requested in its FOIA request described above.

32. Plaintiff is directly and adversely affected and aggrieved by Defendant USDA's failure to provide responsive records to its FOIA request described above.

33.  Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

## VIII.  REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for Plaintiff providing the following relief:

1.  Declare Defendant USDA has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to its January 25, 2012 FOIA request.

2.  Declare Defendant USDA has violated FOIA by failing to complete an adequate search for all records responsive to its January 25, 2012 FOIA request.

3.  Direct by injunction that USDA perform an adequate search for responsive records to Plaintiffs' January 25, 2012 FOIA request, and provide Plaintiff with all non-exempt responsive records to Plaintiffs' January 25, 2012 FOIA request.

4.  Grant Plaintiff's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

5.  Provide such other relief as the Court deems just and proper.

DATED: This 9th day of February, 2016.

Respectfully submitted,

_____/s/_____
Daniel J. Stotter (WI0015)
STOTTER & ASSOCIATES LLC
408 SW Monroe Ave., Ste. M210E
Corvallis, Oregon 97333
(541) 738-2601

dstotter@qwestoffice.net
**Attorney for Plaintiff**